

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

APR 30 2024 PM 12:10
FILED - USDC - RPT - CT

---

*Connecticut Financial Center*          (203)821-3700
*157 Church Street, 25ᵗʰ Floor*          *Fax (203) 773-5376*
*New Haven, Connecticut 06510*          *www.justice.gov/usao/ct*

April 30, 2024

Dan Erwin, AFPD
via Email

  Re: <u>United States v. Tiffany Moss</u>
     Case No. 24-CR-88 (KAD)

Dear Attorney Erwin:

  This letter confirms the plea agreement between your client, Tiffany Moss (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

  In consideration for the benefits offered under this agreement, the defendant agrees to waive her right to be indicted and to plead guilty to a one-count information charging a violation of 18 U.S.C. § 1365(a)(4).

  The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. The defendant tampered with, or attempted to tamper with, a consumer product, its labeling, or its container;
2. The consumer product affected interstate or foreign commerce; and
3. The defendant acted with reckless disregard for the risk that another person would be placed in danger of death or bodily injury and under circumstances manifesting extreme indifference to such risk.

## THE PENALTIES

### Imprisonment

This offense carries a maximum penalty of ten years of imprisonment.

Dan Erwin, *Esq.*
*Page 2*

Supervised Release

In addition, the Court may impose a term of supervised release of not more than three years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should she violate any condition of supervised release, she may be required to serve a further term of imprisonment of up to two years per revocation pursuant to 18 U.S.C. § 3583, with no credit for time already spent on supervised release.

Fine

This offense carries a maximum fine of $250,000. The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense.

Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Restitution

In addition to the other penalties provided by law, the Court also must order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Interest, penalties, and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g). The defendant reserves the right to request that the Court waive interest and penalties as permitted by statute, and the Government reserves the right to oppose any such request.

## THE SENTENCING GUIDELINES

Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate

Dan Erwin, *Esq.*
Page 3

sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guidelines determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that she has no right to withdraw her guilty plea if her sentence or the Guidelines application is other than she anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and her offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on her prompt notification of her intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw her guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that she may not withdraw her plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics

Dan Erwin, *Esq.*
*Page 4*

that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

<u>Guidelines Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2N1.1(a) is 25. Two levels are added under U.S.S.G. § 3B1.3 because the defendant abused a position of trust or used a specialized skill in the commission of this offense. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 24.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. Similarly, the parties agree that, based on an initial assessment, the defendant qualifies for a two-level reduction for "certain zero-point offenders" under U.S.S.G. § 4C1.1, which would further reduce the defendant's total offense level to 22. The parties reserve the right to recalculate the defendant's Criminal History Category, eligibility for a zero-point-offender reduction, and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level of 22, assuming placement in Criminal History Category I, would result in a range of 41 to 51 months of imprisonment (sentencing table) and a fine range of $15,000 to $150,000 (U.S.S.G. § 5E1.2(c)(3)). The defendant also is subject to a Guidelines term of supervised release of one year to three years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their right to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence. Moreover, the defendant reserves the right to argue that a fine is not appropriate in this case, and the Government reserves the right to argue that a fine is appropriate in this case.

The defendant understands that the Court is not bound by this agreement on the Guidelines ranges specified above. The defendant further understands that she will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

Dan Erwin, *Esq.*
Page 5

Information to the Court

The parties reserve their rights to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that she is knowingly, intelligently, and voluntarily waiving the following rights:

Waiver of Right to Indictment

The defendant understands that she has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that she committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that she is waiving her right to be indicted.

Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that she has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent her.

The defendant understands that she has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against her, the right not to be compelled to incriminate herself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in her defense. The defendant understands that by pleading guilty she waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if she pleads guilty, the Court may ask her questions about each offense to which she pleads guilty, and if she answers those questions falsely under oath, on the record, and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making false statements.

Waiver of Statute of Limitations

The defendant agrees that, should the conviction following the defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of

Dan Erwin, *Esq.*
Page 6

limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

<u>Waiver of Right to Challenge Conviction</u>

The defendant acknowledges that under certain circumstances she is entitled to challenge her conviction. By pleading guilty, the defendant waives her right to appeal or collaterally attack her conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims she might raise, the defendant waives her right to challenge her conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Waiver of Challenge to Plea Based on Immigration Consequences</u>

The defendant understands that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offense(s) to which the defendant is pleading guilty. Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. The defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that she is bound by her guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to her guilty plea and to her sentence based on those consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on the immigration consequences of her guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that she is entering into this agreement and is pleading guilty freely and voluntarily because she is guilty. The defendant further acknowledges that she is entering into this agreement without reliance upon any discussions between the Government and her (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges her understanding of the nature of the offense to which she is pleading guilty, including the penalties provided by law. The defendant also acknowledges her complete satisfaction with the representation and advice

Dan Erwin, *Esq.*
*Page 7*

received from her undersigned attorney. The defendant and her undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to her with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

## COLLATERAL CONSEQUENCES

The defendant understands that she will be adjudicated guilty of each offense to which she has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and, in some states, the right to vote. Further, the defendant understands that if she is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which she is licensed, or with which she does business, as well as any current or future employer of the fact of her conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of her participation in the criminal conduct that forms the basis of the Information in this case.

The defendant understands that if, before sentencing, she violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw her guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

Dan Erwin, *Esq.*
*Page 8*

   This letter shall be presented to the Court, in open court, and filed in this case.

          Very truly yours,

          VANESSA ROBERTS AVERY
          UNITED STATES ATTORNEY

          RAY MILLER
          ASSISTANT UNITED STATES ATTORNEY


   The defendant certifies that she has read this plea agreement letter and its attachment(s) or has had it read or translated to her, that she has had ample time to discuss this agreement and its attachment(s) with counsel, and that she fully understands and accepts its terms.

TIFFANY MOSS          Date    4/30/2024
The Defendant

   I have thoroughly read, reviewed, and explained this plea agreement and its attachment(s) to my client who advises me that she understands and accepts its terms.

DAN ERWIN, ESQ.         Date    4/30/2024
Attorney for the Defendant

Dan Erwin, *Esq.*
*Page 9*

## <u>STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT</u>

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the Information.

In January 2024, the defendant was a pharmacy technician employed by Backus Hospital. As part of her employment, the defendant was granted access to a secure location used by Backus Hospital to store narcotics, including hydromorphone.

On January 11, 2024, the defendant used her employee ID badge to access the secure storage area at Backus Hospital. She removed three bags that contained a solution of hydromorphone. The defendant removed a portion of the hydromorphone solution from each bag for her own use and replaced it with saline. She accessed the secure storage area for a second time, and returned the bags to the storage area in a location where they could be distributed for patient use.

The hydromorphone used by the defendant traveled in interstate commerce.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
Tiffany Moss
The Defendant

_____
Ray Miller
Assistant United States Attorney

_____
Dan Erwin, Esq.
Attorney for the Defendant

Dan Erwin, *Esq.*
*Page 10*

<u>**RIDER CONCERNING RESTITUTION**</u>

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A as follows:

1.  If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

    A.  Return the property to the owner of the property or someone designated by the owner; or

    B.  If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

        The greater of -
        (I)  the value of the property on the date of the damage, loss, or destruction; or
        (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2.  In the case of an offense resulting in bodily injury to a victim –

    A.  Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B.  Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C.  Reimburse the victim for income lost by such victim as a result of such offense.

3.  In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services.

4.  In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution also may result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. Moreover, in the event of default, notwithstanding any installment schedule for the payment of restitution, the Court may order payment of the entire amount of restitution due within 30 days after notification of the default, subject to the provisions of 18 U.S.C. §§ 3572(i) and 3613A.